IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES LEE McCLAIN                                                              PLAINTIFF

      v.                         Civil No. 13-5245

WILLIAM STOREY, Circuit Court
Judge; JOHN THREET, Prosecuting
Attorney; CHARLES DUELL, Prosecuting
Attorney; DENNY HYSLIP, Supervising
Public Defender; BLAKE CHANCELLOR,
Public Defender; and ROBERT SCOTT
PARKS, Public Defender                                                         DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*.

The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. Background**

At the time he filed this case, Plaintiff was incarcerated in the Washington County Detention Center on pending criminal charges. Plaintiff maintains that Judge Storey improperly communicated with the prosecuting attorney, used expressions based on gender and ethnicity, and, in general, exhibited improper courtroom decorum. Further, Plaintiff states Judge Storey refused to allow the Plaintiff to take a DNA test in a child support and enforcement case.

Further, Judge Storey is alleged to have appointed Blake Chancellor to represent the Plaintiff, despite the fact that Plaintiff had pending grievances against Chancellor in the Arkansas Supreme Court Ethics Committee.

With respect to Denny Hyslip, the supervising public defender, Plaintiff alleges Defendant Hyslip lied to him when he told Plaintiff he would take Blake Chancellor off his case. Plaintiff believes the public defenders, Denny Hyslip, Blake Chancellor, and Robert Parks, were sabotaging his criminal cases because he is "a Black man that's ignorant to the law." (Doc. 1 at pg. 6). Further, Plaintiff asserts that Blake Chancellor and Robert Parks provided him with ineffective assistance of counsel.

Plaintiff contends John Threet and Charles Duell, both prosecuting attorneys, submitted false documentation with respect to his case. He also maintains they maliciously prosecuted him.

As relief, Plaintiff asks for compensatory and punitive damages. He also asks that his probation and suspended sentence be overturned and the dismissal of all his criminal charges.

## 2. Discussion

This case is subject to dismissal for a number of reasons. First, Circuit Judge William Storey is immune from suit. Mireles v. Waco, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); see also Duty v. City of Springdale, 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." Robinson v. Freeze, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356-57(1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Second, John Threet and Charles Duell, both prosecuting attorneys, are immune from suit. The United States Supreme Court, in Imbler v. Pachtman, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." Id., 424 U.S. at 427.

This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." Id., 424 U.S. at 430; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant prosecuting attorneys are entitled to absolute immunity. See also Brodnicki v. City of Omaha, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Third, Denny Hyslip, Blake Chancellor, and Robert Parks are not subject to suit under § 1983. In Polk County v. Dodson, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. See also Gilbert v. Corcoran, 530

AO72A
(Rev. 8/82)

F.2d 820 (8th Cir. 1976)(conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

Fourth, Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek declaratory or injunctive relief relating to his confinement and/or conviction. See e.g., Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriquez, 411 U.S. 475, 500 (1973)(habeas corpus is the exclusive remedy for prisoners attacking the validity of their conviction or confinement).

Fifth, to the extent Plaintiff is asserting a malicious prosecution claim, the claim fails. It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." Kurtz v. City of Shrewsbury, 245 F.3d 753, 758 (8th Cir. 2001).

Finally, to the extent Plaintiff challenges actions taken by the state courts, those claims fail. "[T]he United States Supreme Court alone has jurisdiction to review state court decisions. [T]he lower federal courts lack subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment." Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 818 (8th Cir. 2004)(citations omitted).

### 3. Conclusion

Accordingly, I recommend that the complaint be dismissed with prejudice on the grounds that the claims are frivolous, fail to state claims on which relief may be granted, or are against individuals immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time). The dismissal of this action will constitute a strike under 28 U.S.C. § 1983. The Clerk should be directed to put a § 1915(g) strike on the case.

AO72A
(Rev. 8/82)

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of March 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)